[No. B044935. Second Dist., Div. Four. Apr. 26, 1990.]

DENNIS ELECTRIC, INC., Plaintiff and Appellant, v.
UNITED STATES FIDELITY & GUARANTY COMPANY,
Defendant and Respondent.

COUNSEL

Munns, Kofford, Hoffman, Hunt & Throckmorton and Michael J. Raymond for Plaintiff and Appellant.

Anderson, McPharlin & Conners, Neil A. Lavick and David P. Dapper for Defendant and Respondent.

OPINION

GEORGE, Acting P. J.—In *Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456 [253 Cal.Rptr. 236, 763 P.2d 1326], the Supreme Court held that the statute of limitations governing an action on a mechanic's lien release bond does not apply where the surety is made a party defendant to a pending lien foreclosure action that was timely filed before the bond was recorded. In the present case, we hold that the statute of limitations also does not apply where, instead of naming the surety as a party defendant in a pending action, the lien claimant first obtains a final judgment in a lien foreclosure action that was filed before the bond was recorded and, thereafter, files a separate action against the surety to recover on the release bond. Accordingly, we reverse the trial court's orders sustaining the surety's demurrer to the lien claimant's second amended complaint without leave to amend and dismissing the action.

## FACTS

Plaintiff Dennis Electric, Inc., the lien claimant on a mechanic's lien (Civ. Code, § 3109 et seq.),[1] filed an action against defendant United States Fidelity & Guaranty Company to recover on a release bond. (§ 3143.) Plaintiff's second amended complaint alleges the following.

Plaintiff, a licensed contractor, performed electrical work pursuant to written contracts and oral agreements with E&W Builders, Inc., for a total agreed price of $345,640.07. Plaintiff was paid $276,996.97, leaving an unpaid balance of $68,643.10.

On January 15, 1980, plaintiff filed a mechanic's lien on the property where the work had been performed and, the following day, commenced an action to foreclose that lien. On April 9, 1980, and June 17, 1981, defendant issued and recorded surety bonds to release the property subject to the mechanic's lien.[2] Plaintiff was not given notice that these bonds had been recorded, however, and remained unaware of their existence for several years.

On September 29, 1983, plaintiff obtained a judgment in its foreclosure action. On January 18, 1988, plaintiff learned of the existence of the release bonds and, on March 24, 1988, filed the present action to recover against those bonds.

Defendant filed a demurrer to plaintiff's second amended complaint on the ground the cause of action for recovery against the release bond was barred by the four-year statute of limitations set forth in Code of Civil Procedure section 337, subdivision 1. On July 12, 1989, the superior court sustained the demurrer without leave to amend and entered an order of dismissal.[3]

## DISCUSSION

Pursuant to section 3144.5, which became effective January 1, 1984, the statute of limitations governing an action for recovery against a release

---

[1] All further statutory references are to the Civil Code unless otherwise noted.

[2] Section 3143 provides, in pertinent part: "If the owner of property . . . sought to be charged with a claim of lien . . . disputes the correctness or validity of any claim of lien, he may record in the office of the county recorder in which such claim of lien was recorded, either before or after the commencement of an action to enforce such claim of lien, a bond . . . in a penal sum equal to 1½ times the amount of the claim . . . . Upon the recording of such bond the real property described in such bond is released from the lien and from any action brought to foreclose such lien."

[3] Such an order of dismissal is appealable. (*Beazell v. Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390].)

bond is six months. The person who records a release bond is required to notify the lienholder of the bond, and the running of the statute of limitations is tolled until such notice is given. (§ 3144.5.)[4] The plaintiffs in *Hutnick* v. *United States Fidelity & Guaranty Co., supra,* 47 Cal.3d 456, recorded a mechanic's lien and filed an action to foreclose that lien. During the pendency of the foreclosure action, the owner of the subject property recorded a release bond and served notice on the plaintiffs as required by section 3144.5. More than six months later, plaintiffs filed an amended complaint in the foreclosure action naming the surety as a defendant and adding a cause of action on the lien release bond.

The surety demurred and obtained a judgment in its favor on the ground that suit on the release bond had not been brought within six months of the bond's recording as required by section 3144.5. The Supreme Court reversed, holding that because the lien foreclosure action had been timely filed *before* the release bond was recorded, the statute of limitations contained in section 3144.5 was inapplicable where the surety was made a party to that pending suit.

The decision in *Hutnick* did not address the situation involved in the present case, where an action to foreclose a mechanic's lien was timely filed before the release bond was recorded, a final judgment was obtained in that foreclosure action, and thereafter a separate action was filed to recover against the release bond. ■ Although "an opinion is not authority for a proposition not therein considered [citation]" (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689]), in order to resolve the issues involved in the present case we seek guidance from the reasoning employed in *Hutnick.*

■ As noted in *Hutnick,* the mechanic's lien law derives from our state Constitution, which directs that "the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens." (Cal. Const., art. XIV, § 3.) Legislation adopted pursuant to this constitutional provision is remedial in nature and is " 'to be liberally construed for the protection of laborers and materialmen.' [Citation.]" (*Hutnick* v. *United States Fidelity & Guaranty Co., supra,* 47 Cal.3d 456, 462.)

■ ■ ■ ■ The court in *Hutnick* stated that "[t]he purpose of the release bond procedure is to provide a means by which, before a final

---

[4] Section 3144.5 provides: "Any person who obtains a lien release bond which is recorded pursuant to Section 3143 shall give notice of the recording to the lienholder by mailing a copy of the bond to the lienholder . . . . Failure to give the notice provided by this section shall not affect the validity of the lien release bond, but the statute of limitations on any action on the bond shall be tolled until the notice is given. Any action on the lien release bond shall be commenced by the claimant within six months of the recording of the lien release bond."

determination of the lien claimant's rights and without prejudice to those rights, the property may be freed of the lien, so that it may be sold, developed, or used as security for a loan. [Fn. omitted.]" (47 Cal.3d at p. 462.)[5] The procedure thus benefits the owner of the subject property while protecting "the lien claimant by providing an alternate source of recovery on the claim of lien. . . . The recording of the release bond does not extinguish the lien; rather, the bond is substituted for the land as the object to which the lien attaches. [Citation.]" (*Id.*, at p. 463.) The high court was careful to note, however, that " 'it was not within the legislative purpose in permitting the substitution [of the bond for the subject property] to deteriorate the lienor's rights.' [Citations.]" (*Ibid.*)

The foregoing principles are fully applicable to the present case. Our decision, therefore, must give effect to the release bond procedure without deteriorating the lien claimant's rights.

The court in *Hutnick* considered the facts before it and noted that the plaintiffs had "pursued a single cause of action" in "seeking to enforce their mechanic's lien first against the liened property and subsequently against the release bond . . . ." (47 Cal.3d at p. 463.) Because the plaintiffs had pursued only a single cause of action, they were required to satisfy only a single statute of limitations: "Once an action has been timely commenced by the filing of a complaint, the filing of a supplemental or amended complaint which does not introduce a new cause of action is not subject to the statute of limitations. [Citation.]" (*Id.*, at p. 464.) The court concluded that the six-month statute of limitations governing an action to recover on a release bond (§ 3144.5) applies "only to an action '*commenced*' by the claimant *after* the bond's recording and not to an action, such as the one in this case, which was already pending at the time of the bond's recordation." (*Ibid.*, italics in original.)

The Supreme Court did not, however, base its ruling entirely on the foregoing analysis of the provisions of section 3144.5. In addition, the court stated that "[a]t a more fundamental level," the argument that the statute of limitations applies "fails because it rests on the assumption that the recording of the release bond gives rise to a cause of action on the bond which is

---

[5] As the court in *Frank Curran Lbr. Co.* v. *Eleven Co.* (1969) 271 Cal.App.2d 175, 183-184 [76 Cal.Rptr. 753], noted: "[T]he lien, unless provision is made for its earlier release or cancellation by appropriate means, could constitute a substantial interference with the owner's right to dispose of his property for a period of several years . . . . [T]he Legislature is empowered, in balancing the interests of the lien claimant and the property owner, to adopt legislation which will relieve the property owner of the burden of the lien and at the same time afford the lien claimant reasonable assurance that his claim, if valid, will be paid in full."

separate and distinct from the cause of action to foreclose the claim of lien. . . . [T]his assumption is incorrect." (47 Cal.3d at p. 464.)

■ The present case differs from *Hutnick* in two important respects: (1) plaintiff in the present case filed a separate action against the surety rather than include the surety in a pending foreclosure action, and (2) the release bond in the present case was recorded prior to the effective date of section 3144.5. Nevertheless, the reasoning employed in *Hutnick* is fully applicable to the present case.

As noted above, the "fundamental" basis for the holding in *Hutnick* is that the recording of a release bond does not give rise to a cause of action which is separate and distinct from the cause of action to foreclose the claim of lien. Instead, the recording of a release bond simply substitutes the bond for the land as the object to which the mechanic's lien attaches. Where the release bond is recorded *after* commencement of a foreclosure action against the property subject to the mechanic's lien, as occurred both in *Hutnick* and the present case, no new cause of action is created and no additional statute of limitations need be satisfied in order to seek recovery against the bond.

■ It is unimportant that the release bond in the present case was recorded prior to the effective date of section 3144.5. As noted above, the holding in *Hutnick* is based only in part on the provisions of section 3144.5. The more "fundamental" basis for the holding is that no statute of limitations need be satisfied because no new cause of action arose. This is true whether the limitations period in question is found in section 3144.5 or some other statute. We need not, and therefore do not, decide whether the provisions of section 3144.5 apply to release bonds recorded prior to the effective date of the statute.

Similarly, the conclusion reached in *Hutnick* that the Legislature, in enacting section 3144.5, did not intend "to require a plaintiff seeking recovery on a single cause of action to comply with two limitations periods—one at the filing of the action and another to respond to subsequent self-protective steps taken by defendants or their successors-in-interest," applies with even greater force to the present case. Prior to the enactment of section 3144.5, no statute expressly established a special limitations period for an action to recover against a release bond. It is unclear, in fact, which limitations period applied. (47 Cal.3d at pp. 464-465; see also *Winick Corp.* v. *General Ins. Co.* (1986) 187 Cal.App.3d 142, 145-148 [231 Cal.Rptr. 606].) It is highly unlikely, therefore, that prior to the enactment of section 3144.5, the Legislature intended to require a lienholder who commenced a mechan-

ic's lien foreclosure action before the recording of a release bond to comply with a second statute of limitations in order to recover against the bond.

Also fully applicable to the present case is the Supreme Court's observation that a construction which would require a lienholder to comply with two statutes of limitations under these circumstances "would 'deteriorate the lienor's rights' [citation] and thus raise serious constitutional questions under the provision quoted above, authorizing the Legislature to provide for the 'speedy and efficient enforcement of [mechanic's] liens.' It is a familiar rule of construction that statutes should be interpreted in a manner which avoids constitutional difficulties. [Citation.]" (*Hutnick* v. *United States Fidelity & Guaranty Co., supra,* 47 Cal.3d 456, 466.)

In further support of its holding, the court in *Hutnick* noted the general rule that "the statute of limitations provides no defense to the successor of a party timely sued." (47 Cal.3d at p. 467.) Although acknowledging that the case before the court did not "involve a direct substitution of parties," the court concluded the situation was "similar in that the release bond has been substituted in place of the liened property after the cause of action accrued . . ." (*Ibid.*)

It is significant that as authority for the rule that "the statute of limitations provides no defense to the successor of a party timely sued," the Supreme Court cited both Code of Civil Procedure section 385, which governs the substitution of the successor in interest of a party into a pending action, and Code of Civil Procedure section 1908, which states that a judgment is conclusive as to the successor in interest of a party and authorizes the filing of "a separate action" to determine the effect of a previously obtained judgment.[6] Just as the situation in *Hutnick* resembles a direct substitution of parties under Code of Civil Procedure section 385 in a pending action, the situation in the present case is similar to the filing of a separate action under Code of Civil Procedure section 1908 to enforce a previously obtained judgment against the successor in interest to a party. In both situations the plaintiff is pursuing a single cause of action. Although a separate action must be filed if the judgment has become final, this is a procedural difference, not a substantive one. Borrowing a term from the opinion in *Hutnick,* the filing of a separate action to recover against a release bond after a judgment is obtained in a mechanic's lien foreclosure

---

[6] Code of Civil Procedure section 1908, subdivision (b), states in pertinent part: "At any time prior to a final judgment, . . . a determination of whether the judgment . . . is to be binding upon a nonparty . . . may, on the noticed motion of any party or any nonparty that may be affected by this subdivision, be made in the court in which the action was tried or in which the action is pending on appeal. *If no such motion is made before the judgment becomes final, the determination may be made in a separate action. . . .*" (Italics added.)

action does not involve a new cause of action but merely a "sequel" to the foreclosure action. (47 Cal.3d at p. 466, fn. 8.)

As a final point, the court in *Hutnick* considered the contention that if the statute of limitations did not apply, the plaintiff " 'could wait years after receiving notice of recording of the bond before bringing the surety into the action' . . . ." (47 Cal.3d at pp. 469-470.) The court dismissed this concern, noting "the filing of an amended or supplemental complaint adding new parties requires leave of the court (Code Civ. Proc., §§ 464, 473) and leave could be denied, in the court's discretion, if the plaintiff unreasonably delayed. [Citations.]" (47 Cal.3d at p. 470.) The court further observed that a "foreclosure action not brought to trial within two years after its commencement is subject to dismissal, in the court's discretion, for want of prosecution. (§ 3147.)" (*Ibid.*)

The contention that application of the statute of limitations is necessary to prevent delay on the part of the lien claimant in seeking recovery against the bond carries more weight in the present case. The provisions relied upon in *Hutnick* to curb such delay are inapplicable where, as here, a separate action is filed after judgment is obtained in a foreclosure action. The justifiable concern that unreasonable delay could result is insufficient, however, to alter our conclusion that the statute of limitations is inapplicable under the circumstances here present. The possibility of abuse by lien claimants does not impair the foregoing analysis, which demonstrates that no new cause of action has arisen and therefore no additional statute of limitations need be satisfied.

Furthermore, the lien claimant in the present case did not engage in unreasonable delay. The complaint alleges the surety did not notify the lien claimant of the recording of the bond. Upon learning of the bond's existence, the lien claimant filed the present action in a timely fashion. We therefore leave to another day the consideration of whether a different result would obtain had the lien claimant unreasonably delayed in seeking recovery against the release bond.

Defendant's reliance on the decision in *Winick Corp.* v. *General Ins. Co., supra,* 187 Cal.App.3d 142, is misplaced. *Winick* held that a complaint against a surety on a stop notice release bond was barred by the statute of limitations. In that case, however, the release bond was obtained *before* the plaintiff commenced suit. The issue discussed in both *Hutnick* and the present case, therefore, was not considered in *Winick.* Instead, *Winick* discussed the question when a cause of action accrued under a stop notice release bond. In the present case, as in *Hutnick,* the issue of when the cause

of action accrues does not arise because the statute of limitations does not apply.

For the same reason, the discussions by both parties in the present case as to whether the lien claimant's lack of knowledge of the release bond tolls the running of the statute of limitations is beside the point. Any such tolling of the limitations period is irrelevant because the statute of limitations is inapplicable.

### DISPOSITION

The order (judgment) of dismissal is reversed. Plaintiff shall recover its costs on appeal.

Goertzen, J., and Todd, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied July 11, 1990.

---

* Assigned by the Chairperson of the Judicial Council.