TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-310 |
| of | : | |
| | : | September 13, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BROOKS FIRESTONE, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following questions:

1. For purposes of submitting a petition for the establishment of a charter school, may a petitioner collect signatures from teachers at an already existing charter school?

2. Where an elementary school district and high school district are separately operated, may a petitioner for the establishment of a charter high school collect signatures from teachers employed by the elementary school district?

CONCLUSIONS

1. For purposes of submitting a petition for the establishment of a charter school, a petitioner may not collect signatures from teachers at an already existing charter school.

2. Where an elementary school district and high school district are separately operated, a petitioner for the establishment of a charter high school may not collect signatures from teachers employed by the elementary school district.

ANALYSIS

The two questions presented for consideration require an examination of the recently enacted provisions of the Charter Schools Act of 1992 (Ed. Code, §§ 47600-47616; "Act"). [1] Specifically, subdivision (a) of section 47605, pertaining to the establishment of charter schools, states as follows:

"A petition for the establishment of a charter school within any school district may be circulated by any one or more persons seeking to establish the charter school. After the petition has been signed by not less than 10 percent of the teachers currently employed by the school district, or by not less than 50 percent of the teachers currently employed at one school of the district, it may be submitted to the governing board of the school district for review."

The first inquiry is whether a petition which has been signed by 50 percent of the teachers employed at an existing charter school would qualify under the terms of section 47605. The second is whether a petition containing the signatures of 50 percent of the teachers at an elementary school would qualify in establishing a charter high school where the two districts are separately operated.

In resolving the issues presented, we are mindful that "[w]hen interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "To discern legislative intent, we must examine the legislative history and statutory context of the act under scrutiny." (*Sands* v. *Superior Court* (1983) 34 Cal.3d 567, 570; accord, *Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 743.) "[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]" (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7.) "`The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.)

1.      Signatures Collected At A Charter School

Section 47605 requires the signatures of "10 percent of the teachers currently employed by the school district" or "50 percent of the teachers currently employed at one school of the district" on any petition submitted to the district's governing board. Do teachers employed at a charter school meet either qualification?

As stated in the report of the Senate Committee on Education for its hearing of April 1, 1992, the Act:

_____

[1] All section references herein are to the Education Code except as otherwise indicated.

"Allows credentialed teachers to circulate a petition for the establishment of a charter school within any school district. Requires the petition to be signed by not less that 10% of the teachers employed at a school district, or not less than 50% of the teachers employed at a school site and authorizes the petitioners to submit the petition to the governing board of the school district for review and action."

The purpose of the legislation is described in the report of the Assembly Committee on Education for its hearing on June 24, 1992, as "to provide teachers with the opportunity to create new public schools that are teacher, parent and community-initiated and outcome-based."

In light of such declarations of legislative intent, we do not view teachers at an existing charter school as being eligible to submit a petition for the establishment of another charter school. Rather, the evident purpose of the legislation is to require teachers at traditional schools of the district to demonstrate support for the establishment of a charter school prior to submission of a petition.

Under various provisions of the Act, the Legislature has distinguished between teachers at traditional schools and those at charter schools. Charter school teachers are "employed by the [charter] school." (§ 47605, subd. (b)(5).) An "employee of the school district upon leaving the employment of the school district" may "work in the charter school," with possible "rights of return to the school district after employment at a charter school." (§ 47605, subd. (b)(13).) An employee of the school district may not be required by the district board "to be employed in a charter school." (§ 47605, subd. (e).) Charter school teachers are "employees of the charter school" for purposes of participation in the State Teachers' Retirement System. (§ 47611.) No indication in the statutory language may be found that the Legislature considered charter school teachers to be "employed by the school district" for purposes of section 47605.[2]

The same is true with respect to whether charter school teachers are "employed at one school of the district." An existing charter school does not constitute a "school of the district" when determining the requisite teacher support for the establishment of a new charter school. Charter schools are intended by the Legislature to "operate independently from the existing school district structures." (§ 47601.) They are "exempt from the laws governing school districts except as specified in Section 47611." (§ 47610.)[3]

---

[2]It is recognized that the conditions, standards, and procedures set forth in a particular charter (see § 47610) may include one or more provisions respecting personnel which, if considered in isolation, could be construed as indicia of employment by the district (e.g., wages and benefits determined according to the district's collective bargaining procedures). Nevertheless, we deem the express terms of the statutory scheme as a whole to be dispositive for purposes of construing the particular language of section 47605.

[3]As indicated above, section 47611 pertains to participation in the State Teachers' Retirement System. We recently concluded that the state funding requirements of section 51747.3 were also applicable to charter schools. (78 Ops.Cal.Atty.Gen. 253 (1995).)

Accordingly, while the governing board of a school district may be responsible for approving any petition establishing a charter school (§ 47605) and may revoke a charter that it has granted (§ 47606), a charter school cannot be considered a "school of the district" for purposes of section 47605. We interpret the phrases "teachers currently employed by the school district" and "teachers currently employed at one school of the district" in a consistent manner in view of the Legislature's intent as described in the statute's legislative history.[4]

We thus conclude in answer to the first question that for purposes of submitting a petition for the establishment of a charter school, a petitioner may not collect signatures from teachers at an already existing charter school.

2.      Signatures Collected At A Different District's School

We are advised that an elementary school is located across the street from a high school. The two schools are operated by two separate school districts. (Cf. § 35111.) A charter high school is proposed. May the petitioners submit a petition to the high school district board containing the signatures of the elementary school teachers?

While the elementary school teachers are obviously employed by a school district, they are not "employed by *the* school district" whose board must review the petition under the terms of section 47605. A charter high school must receive approval of a high school district board, with requisite support from high school teachers. The teachers of one district may not act on behalf of those of another.[5]

Similarly, while the elementary school teachers would be currently employed at one school located within the geographical boundaries of the high school district, they would not be "employed at one school *of* the district." The elementary school is not one of the high school district's schools.

Section 44831 provides: "Governing boards of school districts shall employ persons in public school service requiring certification qualifications as provided in this code." Section 44830, subdivision (a), provides in part: "A governing board of a school district shall employ for positions requiring certification qualifications, only persons who possess the qualifications therefor prescribed by law." It is well settled that the governing board of a school district has the general power of assignment with respect to certificated employees in general, and teachers in particular, to any position within the district for which the teacher is certified. (§§ 44830, 35035; *Centinela Valley Secondary Teachers Assn. v. Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 40; 61

---

[4]Teachers are generally referred to throughout the Education Code as employees of a school district. (See, e.g., § 41401, subd. (d) ["`Teacher' means an employee of a school district, employed in a position requiring certification qualifications and whose duties require him or her to provide direct instruction to pupils in the schools of that district for the full time for which he or she is employed"].)

[5]It is to be emphasized here that the elementary school district and the high school district are not deemed to be a single school district for any purpose. (Cf. § 35111.)

Ops.Cal.Atty.Gen. 353, 355-356 (1978).)  A certificated employee is subject to suspension or dismissal by the district in which he is employed.  (§§ 44934-44944.)

It is beyond the realm of dispute, then, that notwithstanding the overlapping territories of an elementary school district and high school district, an employee of an elementary school district is not "currently employed by the [high] school district" or "currently employed at one school of the [high school] district" within the meaning of section 47605, subdivision (a).

It is concluded that where an elementary school district and a high school district are separately operated, a petitioner for establishment of a charter high school may not collect signatures from teachers employed by the elementary school district.

* * * * *