**MOUNTAIN RANCH CORPORATION,**
**Plaintiff and Counterclaim**
**Defendant,**

v.

**AMALGAM ENTERPRISES, INC.,**
**Defendant, Counterclaimant, and**
**Third–Party Plaintiff–Appellee,**

and

concerning **Indian River Bend Construction Company, Lester B. Colodny, and Russell Colodny, Third–Party Defendants,**

and

**Granite State Insurance Company,**
**Intervenor and Third–Party**
**Defendant–Appellant.**

No. 04CA0931.

Colorado Court of Appeals,
Div. II.

Dec. 15, 2005.

Certiorari Denied Oct. 10, 2006.

Alpern, Myers, Stuart, Scheuerman & Hickey, LLC, Howard J. Alpern, Todd S. Welch, Colorado Springs, Colorado, for Defendant, Counterclaimant, and Third–Party Plaintiff–Appellee.

The Hustead Law Firm, P.C., Patrick Q. Hustead, Paige K. Hogan, Douglas A. Gitlin, Denver, Colorado, for Intervenor and Third–Party Defendant–Appellant.

DAILEY, J.

Intervenor and third-party defendant, Granite State Insurance Company, appeals the judgment entered in favor of defendant, counterclaimant, and third-party plaintiff, Amalgam Enterprises, Inc., on a lien substitution bond. We vacate the judgment.

This appeal arises from a dispute among Amalgam, Mountain Ranch Corporation (MR), and Indian River Bend Construction Company (IRBCC) concerning a construction project in which IRBCC acted as general contractor and Amalgam as a subcontractor.

Pursuant to its contract with IRBCC, Amalgam supplied specialty stone for use in apartments located on MR's property. In March 2000, IRBCC cancelled Amalgam's contract, and on June 21, 2000, Amalgam recorded a mechanic's lien of $250,000 on MR's property. Pursuant to §§ 38–22–131 and 38–22–132, C.R.S.2005, MR obtained a release and discharge of the lien against the property by filing a $375,000 lien substitution bond issued by Granite.

On July 28, 2000, MR sued Amalgam, alleging that by asserting a lien when nothing was owed to it, Amalgam had slandered MR's title to the property and recorded an excessive lien. In its responsive pleading, Amalgam denied liability, asserted various affirmative defenses, and filed a counterclaim against MR and third-party claims against IRBCC and two individuals (Lester B. Colodny and Russell Colodny) associated with both IRBCC and MR. More specifically, Amalgam asserted (1) a breach of contract claim against IRBCC; (2) a fraud claim against IRBCC and the Colodnys; and (3) a racketeering claim against IRBCC, the Colodnys, and MR. However, Amalgam did not seek foreclosure of its lien against the bond issued by Granite.

Subsequently, MR withdrew its claims because its property had been foreclosed upon and title had been transferred to another. Following a bench trial in December 2003, the court found for Amalgam on its breach of contract claim against IRBCC. In its January 2004 written order, however, the trial court entered judgment on that claim against both IRBCC and MR. The court also re-

ferred to the lien substitution bond issued by Granite on behalf of MR.

At that point, Granite was granted leave to intervene as a third-party defendant. It filed an answer and a motion for summary judgment, arguing that, as a matter of law, Amalgam was not entitled to use the bond to collect on the judgment in this case. The trial court denied Granite's motion for summary judgment and, after a hearing, entered judgment for Amalgam and against Granite on the bond for $287,501.01 plus interest.

I.

■ Granite contends that it cannot be held liable to Amalgam because Amalgam did not timely pursue a lien foreclosure action on the bond. We agree.

Section 38–22–133, C.R.S.2005, requires that an action to enforce the bond "shall be commenced within the time allowed for the commencement of an action upon foreclosure of the lien, and the statute of limitations applicable to a lien foreclosure shall apply to the action upon the bond ... as it would had no bond ... been filed."

■ Section 38–22–110, C.R.S.2005, sets forth the limitations period applicable to a lien foreclosure. Under that provision, "a lien claimant must bring a foreclosure action within six months after one of the following dates, whichever occurs last: (1) the date of [the] last work performed; (2) the date of [the] last materials furnished; or (3) the date of completion of the building ·or improvement" on the property. *Merrick & Co. v. Estate of Verzuh*, 987 P.2d 950, 953 (Colo. App.1999).

Here, Amalgam asserts that a timely action to foreclose the lien was brought because within the time allowed in §§ 38–22–110 and 38–22–133:(1) MR had, in its complaint, challenged the validity of the lien and (2) Amalgam, in its responsive pleading, had defended it. We disagree.

■ The key to this case lies in realizing that there are alternative remedies available to mechanic's lien claimants.

[I]n order to understand mechanic's liens, one must understand the distinction be-

tween the debt and the security for the debt. The debt, or the *in personam* claim, consists of the action on the contract .... The lien is security for the debt, and the action to claim and foreclose a mechanic's lien is an *in rem* action, equitable in nature.

Stephen W. Seifert et al., 9 Colo. Practice Series, *Creditors' Remedies—Debtors' Relief* § 4.30 (2005).

■ "[The mechanic's lien] statute affords additional security to protect persons whose labor or materials enhance the value of real property. By granting to persons who fall within its provisions an *in rem* recovery against the land, the statute creates an alternative remedy which is broader than an *in personam* contract action." *C & W Elec., Inc. v. Casa Dorado Corp.*, 34 Colo.App. 117, 119, 523 P.2d 137, 138 (1974)(emphasis added; citation omitted).

■ This alternative, *in rem* remedy encompasses foreclosure actions on bonds when bonds have been substituted for property as the security for debt. *See* §§ 38–22–131 to 38–22–133, C.R.S.2005; *see also Dennis Elec., Inc. v. United States Fid. & Guar. Co.*, 219 Cal.App.3d 1228, 269 Cal.Rptr. 26, 29 (1990); *Gil Ruehl Mech., Inc. v. Hartford Fire Ins. Co.*, 164 S.W.3d 512, 514–15 (Ky.Ct. App.2004); *Tualatin Valley Builders Supply, Inc. v. TMT Homes, Inc.*, 179 Or.App. 575, 41 P.3d 429, 432 (2002); *George W. Kane, Inc. v. Nuscope, Inc.*, 243 Va. 503, 416 S.E.2d 701, 705 (1992); Gerald B. Treacy, Comment, *The Release Bond Statutes: Achieving Balance in the Mechanics' Lien Laws*, 28 U.C.L.A. L.Rev. 95 (1980).

"Because recovery on the bond is a part of the process for enforcing the mechanic's lien, authorities from other jurisdictions have concluded that a cause of action to foreclose a mechanic's lien is substantially the same whether relief is sought against the liened property or against a bond which has been substituted for the property." *Hutnick v. United States Fid. & Guar. Co.*, 47 Cal.3d 456, 253 Cal.Rptr. 236, 763 P.2d 1326, 1330 (1988).

■ A "cause of action" for a lien foreclosure should be set forth either in a complaint, or, where the mechanic's lien claimant is a defendant, in a counterclaim or cross-claim. *See* Seifert, *supra*, at § 4.47.

Here, the lien claimant, Amalgam, was a defendant in this case. It asserted counterclaims and cross-claims for breach of contract, fraud, and racketeering activity, but it did not assert a counterclaim or cross-claim for foreclosure on the bond.

We reject Amalgam's assertion that a claim to foreclose on the bond is adequately set forth when the allegations in its own and MR's pleadings are considered together. As the principal on the bond, MR would (and ultimately did) resist a foreclosure remedy. Thus, the allegations in its complaint cannot be interpreted to support or create a cause of action against itself or Granite, its surety.

Nor do the allegations in both parties' pleadings alert MR that it could be expected to defend against a foreclosure action. The bond is not mentioned in either pleading, and there is no reference to foreclosure. *Cf. Stolz v. Honeycutt*, 42 S.W.3d 305, 311–12 (Tex.App.2001)(action on bond not timely pursued where no reference was made in pleadings to bond or surety). Apparently, the first time Amalgam mentioned foreclosure on the bond was in its motion for summary judgment filed in April 2003, nearly nine months after MR's claims had been dismissed.

■ The burden is on the lien claimant to show that its claim was filed within the statutory period. *See First Nat'l Bank v. Sam McClure & Son, Inc.*, 163 Colo. 473, 477, 431 P.2d 460, 462 (1967).

Here, Amalgam's request for foreclosure on the bond in its summary judgment motion was made nearly three years after the initiation of the lawsuit. This request does not fall within any of the six-month periods allowed under §§ 38–22–110 and 38–22–133. We therefore conclude that Amalgam's foreclosure claim was untimely and extinguished as a matter of law. *See Schlosky v. Mobile Premix Concrete, Inc.*, 656 P.2d 1321, 1322 (Colo.App.1982).

## II.

We also reject Amalgam's assertion that Granite is liable on its bond solely because of the judgment entered against MR.

Amalgam relies on the principle, stated in *Costello v. Bridges,* 81 Wash. 192, 142 P. 687, 689 (1914), that "when the surety . . . has undertaken to pay the damages and costs which may be recovered against his principal, he is, in the absence of fraud or collusion or other equitable defenses, conclusively bound by the judgment." However, this principle is inapplicable where the undertaking "is not one which provides that the surety will answer for any judgment or pay all damages that may be awarded in an action brought against the principal." *See Ward v. LaMonico,* 47 Wash.App. 373, 735 P.2d 92, 96 (1987)(quoting *Merchants' Bank v. Sims,* 122 Wash. 106, 209 P. 1113, 1117 (1922)).

Here, consistent with the requirements of § 38–22–131(3), C.R.S.2005, Granite agreed that

> if Amalgam Enterprises, Inc. shall be finally adjudged to be entitled to recover upon *the claim upon which lien [sic] is based,* the Principal and Surety *shall pay* the *amount of the judgment,* together with interest, costs and other sums, which Amalgam Enterprises, Inc. would be *entitled to recover upon the foreclosure of the lien.*

(Emphasis added.)

We interpret this language as a promise to pay on a judgment rendered in an action to foreclose upon the bond, and this interpretation is consistent with the purposes underlying the mechanic's lien statute. *See* § 38–22–131(3).

Mechanic's lien claimants are not prevented from enforcing any other remedy that they might have. *See Buttermore v. Firestone Tire & Rubber Co.,* 721 P.2d 701, 702 (Colo.App.1986).

Here, Amalgam pursued an *in personam* remedy against MR on a claim of racketeering. It did not pursue the *in rem* remedy of foreclosure on the bond for which Granite had agreed to act as surety. Thus, we conclude that Amalgam was not entitled to recover against Granite based solely on the terms of the bond.

## III.

Although Granite asked for a new trial, for the reasons stated above we conclude, as a matter of law, that Granite cannot be held liable to Amalgam on the bond. In light of this disposition, we need not address the other contentions raised by Granite.

The judgment against Granite is vacated.

ROTHENBERG and LOEB, JJ., concur.