TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 92-508 |
| of | : | |
| | : | SEPTEMBER 16, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE DOMINIC L. CORTESE, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Are the meetings of a student body association of a community college subject to the open meeting requirements of the Ralph M. Brown Act?

CONCLUSION

The meetings of a student body association of a community college are subject to the open meeting requirements of the Ralph M. Brown Act.

ANALYSIS

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; hereafter "Act")[1] generally requires that the "legislative bodies" of "local agencies" hold their meetings open to the public. "A local agency" includes a school district, including a community college district. (See § 54951; 66 Ops.Cal.Atty.Gen. 252 (1983).) Hence, the meetings of the board of governors of a community college district, as the "legislative body," are subject to the Act's requirements. The question presented for resolution is whether the Act is also applicable to a community college student body association. We conclude that it is.

We first note that community college student body associations are organized under the provisions of Education Code section 76060. This statute provides:

---

[1] All references to the Government Code hereafter are by section number only.

"The governing board of a community college district may authorize the students of a college to organize a student body association. The association shall encourage students to participate in the governance of the college and may conduct any activities, including fundraising activities, as may be approved by the appropriate college officials. The association may be granted the use of community college premises and properties without charge, subject to any regulations that may be established by the governing board of the community college district.

"The governing board of the community college district may authorize the students of a college to organize more than one student body association when the governing board finds that day students and evening students each need an association or geographic circumstances make the organization of only one student body association impractical or inconvenient.

"A community college district may assume responsibility for activities formerly conducted by a student body association if the student body association is dissolved. A student body association employee who was employed to perform the activity assumed by the district pursuant to this section shall become a member of the classified service of the district in accordance with Section 88020."

While we have never addressed the particular question presented, in 66 Ops.Cal.Atty.Gen. 252 (1983), we concluded that the meetings of an academic senate of a community college were subject to the open meeting requirements of the Act. We reasoned that an academic senate constituted an "advisory body" to the community college district board of governors, and thus was a "legislative body" within the meaning of section 54952.3. Section 54952.3 provides:

"As used in this chapter `legislative body' also includes any advisory commission, advisory committee or advisory body of a local agency, created by charter, ordinance, resolution, or by any similar formal action of a legislative body or member of a legislative body of a local agency . . . ."

We had no difficulty in our prior opinion in finding that an academic senate stands in an advisory capacity to the district governing board as provided by regulations adopted by the State Board of Governors of the California Community Colleges (hereafter "State Board"). As to whether an academic senate is formed by "formal action" of a community college district board of governors, we stated:

"At first blush, one might conclude that an academic senate is formed not by the district board, but by vote of the faculty of the community college or colleges. However, reference to section 53202 of title 5 of the California Administrative Code, subdivision (c)(1) and (2), *supra*, discloses that certain steps or actions are also required of the district board after the faculty vote. Furthermore, it is to be recalled that the administrative regulations with respect to formation of these bodies, as well as locally mandated regulations (see Education Code, secs. 71079 and 72292, *supra*), have been adopted and are adopted to satisfy requirements of the law. These requirements are that procedures be established `*to be used by district governing boards*' which provide for the expression of opinions of faculty and students. Consequently, it can be said that the establishment of an academic senate is attributable to the district board as well as to the faculty by its vote.

". . . . . . . . . . . . . . . . . . . .

2.

"Accordingly . . . it would seem that the legally mandated joint action to be taken by the faculty of a community college and a district board in establishing an academic senate constitutes the requisite `formal action' contemplated by section 54952.3 of the Government Code. . . ."  (66 Ops.Cal.Atty.Gen. at 255.)

We believe that student organizations should be similarly treated.  Education Code section 70901 provides in part concerning the duties of the State Board:

"(b)  . . . . the board of governors shall provide general supervision over community college districts, and shall, in furtherance thereof, perform the following functions:

"(1)    Establish minimum standards as required by law, including, but not limited to, the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(E)    Minimum standards governing procedures established by governing boards of community college districts to ensure faculty, staff, and students the right to participate effectively in district and college governance, and the opportunity to express their opinions at the campus level and to ensure that these opinions are given every reasonable consideration  . . . ."

The State Board has implemented Education Code section 70901 in part by adopting section 51023.7 of title 5 of the California Code of Regulations.  The regulation provides:

"(a)    The governing board of a community district shall adopt policies and procedures that provide students the opportunity to participate effectively in district and college governance.  Among other matters, said policies and procedures shall include the following:

"(1)    Students shall be provided an opportunity to participate in formulation and development of district and college policies and procedures that have or will have a significant effect on students.  This right includes the opportunity to participate in processes for jointly developing recommendations to the governing board regarding such policies and procedures.

"(2)    Except in unforeseeable, emergency situations the governing board shall not take action on a matter having a significant effect on students until it has provided students with an opportunity to participate in the formulation of the policy or procedure or the joint development of recommendations regarding this action.

"(3)    Governing board procedures shall ensure that at the district and college levels, recommendations and positions developed by students are given every reasonable consideration.

"(4)    For the purpose of this section, the governing board shall recognize each associated student organization or its equivalent within the district as provided by Education Code section 76060, as the representative body of the students to offer opinions and to make recommendations to the administration of a college and to the governing board of a district with regard to district and college policies and procedures that have or will have a significant effect on students.  The selection of

student representatives to serve on college or district committees, task forces, or other governance groups shall be made, after consultation with designated parties, by the appropriate officially recognized associated students organization(s) within the district. . . ."

Just as with the academic senate considered in our 1983 opinion, which was formed by joint action of the faculty and the community college district governing board, a student association is formed by the joint action of the student body and the district board. The district board not only authorizes organization of such an association (Ed. Code, § 76060), but adopts requisite "policies and procedures that provide students the opportunity to participate effectively in district and college governance," including the right "to offer opinions and to make recommendations . . . to the governing board of a district with regard to district and college policies and procedures that have or will have a significant effect on students" (Cal. Code Regs., tit. 5, § 51023).

In our view, these actions by a community college district board constitute "formal action" (§ 54952.3), making the student association an advisory body to the district board. (*Cf. Joiner* v. *City of Sebastapol* (1981) 125 Cal.App.3d 799, 805; 66 Ops.Cal.Atty.Gen. 252 (1983).) Consequently, the student association would be a "legislative body" of a "local agency" whose meetings would be subject to the Act's requirements.

In so concluding, we recognize that at one time community college student organizations were subject to the opening meeting requirements of the Bagley-Keene Opening Meeting Act (§§ 11120-11132) applicable to *state* boards and commissions. The exclusion of community college student organizations from the act governing "state bodies" in 1984 (Stats. 1984, ch. 1158, § 3) is consistent with our conclusion that such organizations come under the Act's provisions applicable to "local agencies." Indeed, the legislative history of the 1984 amendment indicates that the exclusion of community college student organizations was intended to subject such organizations to the requirements of the Act. The Assembly Education Committee report of June 26, 1984, stated in part:

"Under current law student body organizations at . . . Community Colleges (CC) are governed by the Bagley-Keene Open Meeting Act which provides the meeting procedures followed by state bodies.

" . . . . . . . . . . . . . . . . . . . .

"The bill repeals the Section of the Government Code that requires . . . CC student body organizations to comply with the Bagley Keene Act. By so doing the bill moves CC student body organizations under the domain of the Brown Act (The Open Meetings Act that applies to local agencies)."[2]

Our conclusion is also consistent with the legislative treatment of student organizations established on state university campuses. These organizations were also removed from the Bagley-Keene Opening Meeting Law by the 1984 legislation but were placed under a special statutory scheme incorporating various provisions of the Act. (Ed. Code, §§ 89900-89928.)

---

[2]"[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]" (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7.)

Accordingly, although state university student organizations do not come within scope of the Act as local agencies, they receive similar treatment to that of community college student organizations.

In answer to the question presented, therefore, we conclude that the meetings of a student organization of a community college are subject to the open meeting requirements of the Act.

\* \* \* \* \*