[No. 26690-3-II.   Division Two.   April 12, 2002.]

BOB PEARSON CONSTRUCTION, INC., *Respondent*, v. FIRST COMMUNITY BANK OF WASHINGTON, ET AL., *Appellants*.

interest, we do not reach the claim that the results of such a procedure are unreliable and inadmissible under *Frye*.

*Duncan C. Wilson* (of *Sampson & Wilson, Inc., P.S.*) and *Stephen J. Sirianni* (of *Sirianni & Youtz*), for appellants.

*Thomas P. Quinlan* (of *Miller & Dart, P.S., Inc.*); *Robert J. Burke, Arthur D. McGarry,* and *Jason R. Wandler* (of *Oles Morrison Rinker & Baker, L.L.P.*); *Robert A. Wright*; *Christine O. Gregoire, Attorney General,* and *Donivan R. Irby, Assistant*; *Merrilee A. MacLean*; *Clark J. Davis* and *Michael W. Johns* (of *Brown Davis & Roberts, P.L.L.C.*); *Darcy B. Luxenberg*; *Bernard G. Lanz*; and *Susan B. Jahnke* (of *Lane Powell Spears Lubersky, L.L.P.*), for respondent.

ARMSTRONG, J. — Bob Pearson Construction, Inc., filed a construction lien claim and later sued to foreclose on the lien. RCW 60.04.141 requires a lien claimant to file an action within eight months after filing the claim of lien and to serve the property owner within 90 days after that. Pearson sued and served the property owner within the statutory period. But Pearson did not sue and timely serve two banks that had mortgage liens on the property. The question here is whether Pearson has lost his lien claim against the Banks. We hold that he has and, thus, the trial court erred in allowing Pearson to add the Banks by amending his complaint after the statutory time period had expired.

## FACTS

Pearson agreed to construct a building for Michael and Katherine Price on two parcels of land. Washington Mutual (WaMu) loaned the Prices money and recorded a deed of trust on one of the parcels. After the Prices halted construction, Pearson filed a lien claim on both parcels. Pearson then sued the Prices. While this suit was ongoing, the Prices executed a deed of trust to First Community Bank (FCB), which FCB recorded. Pearson and the Prices stipulated to a $1,113,248.99 plus interest judgment in favor of Pearson on March 17, 2000.

Over the course of the suit, Pearson amended its complaint four times. Ultimately, the trial court allowed Pearson to add both FCB and WaMu as parties. If FCB and WaMu are proper parties, even though they were not sued and served within the statutory time period of eight months and 90 days, Pearson can litigate whether his lien is prior to the Banks' liens. But the Banks contend that Pearson has lost any lien rights against them because he did not sue and

serve them within the statutory period. The issue then is whether, under RCW 60.04.141, a lien claimant must file and serve a lien foreclosure action against all parties who claim an interest in the property within the eight-month-plus-ninety-day period; or, in the alternative, whether the lien claimant may join parties other than the owner after the eight-month-plus-ninety-day period has passed.

## ANALYSIS

■ We review the trial court's interpretation of a statute de novo. *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996).

The applicable statute, RCW 60.04.141, states:

No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim of lien has been recorded unless an action is filed by the lien claimant within that time in the superior court . . . and service is made upon the owner of the subject property within ninety days of the date of filing the action[.]

To affect the interest of any person who has a recorded interest in the property, a lien claimant must join the party. RCW 60.04.171. But the statute does not say whether the party must be joined within the eight-month-plus-ninety-day period.

In 1911, our Supreme Court held that the lien claimant must sue a mortgagee within the eight-month period plus one-year (this has since been reduced to 90 days). *Davis v. Bartz*, 65 Wash. 395, 118 P. 334 (1911). The statute then said,

No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed, unless an action be commenced in the proper court within that time to enforce such lien; or, if credit be given, then eight calendar months after the expiration of such credit[.]

*Davis*, 65 Wash. at 397. Although the lien claimant had foreclosed against the property owner, the lien as to the

mortgagee was "absolutely void" because the lien claimant had not made the mortgagee a party. *Davis*, 65 Wash. at 399. The court reasoned that the statute created a period of limitations and that "the lien expires by force of the statute unless action be commenced within the statutory time." *Davis*, 65 Wash. at 397. And the court noted that it made no difference whether the mortgagee was a proper party or a necessary party: "[A]ny one interested, whether as owner, [or] mortgagee . . . , has the right to invoke the statute if the action be not commenced *as against him* within the statutory period." *Davis*, 65 Wash. at 398. Courts have continued to characterize the statute as a time limit on the duration of the lien, which expires at the end of the time period. *Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767-68, 522 P.2d 822 (1974); *Kinskie v. Capstin*, 44 Wn. App. 462, 722 P.2d 876 (1986).

In 1975, the legislature amended the statute, adding language that to create a valid lien, the lien claimant must serve "all necessary parties." Former RCW 60.04.100 (1976); *Pacific Erectors, Inc. v. Gall Landau Young Constr. Co.*, 62 Wn. App. 158, 165, 813 P.2d 1243 (1991). The amendment made clear that lien foreclosures are special proceedings under CR 81, not subject to the Rules of Civil Procedure. *Pacific Erectors*, 62 Wn. App. at 165. *Pacific Erectors* reaffirmed the *Davis* and *Curtis* distinction between "necessary" and "proper" parties. If a lien claimant did not serve a necessary party within 90 days of filing his complaint, he lost his right to enforce the lien at all. *Kinskie*, 44 Wn. App. 462. But if the claimant failed to serve a proper party within the statutory period, he lost only the right to sue that party. *Pacific Erectors*, 62 Wn. App. at 165.

In 1991 and 1992, the legislature again amended the statute, eliminating the confusion over who were necessary parties by changing "necessary parties" to "the owner of the subject property." RCW 60.04.141; SENATE COMM. ON COMMERCE & LABOR, S.B. REP. 6441, at 1 (Wash. 1992) (Resp't's br. at App. C, p. 11). Thus, since 1991, a lien claimant must file against and serve the owner to create a valid lien. But the

1991 amendments do not say *when* other lienholders must be sued. We turn then to the meaning of the 1991 amendments.

When the legislature changes a statute's language, it is presumed to change its meaning as well. *Allen v. Employment Sec. Dep't*, 83 Wn.2d 145, 150-51, 516 P.2d 1032 (1973). By its 1992 amendment, the legislature simplified the procedure to create a valid lien. It did so by allowing the lien claimant to create a valid lien by serving the owner rather than all necessary parties. But the legislature did not address the *Davis* holding that a lien becomes void as to any party not served within eight months and 90 days. And courts have consistently followed *Davis*. *See Kinskie*, 44 Wn. App. 462 (failure to join necessary party—one with filed lien claim—invalidated entire lien); *Pacific Erectors*, 62 Wn. App. at 165 (failure to serve a proper party within the statutory period renders the action void against that party). The legislature is presumed to know the case law construing statutes and to act consistently with such law unless it clearly intends otherwise. *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 887-88, 652 P.2d 948 (1982). Here, the legislature did not signal an intent to do otherwise; it did not address the well-established rules specifying the time to serve nonnecessary parties.

We conclude that Pearson has lost its lien rights against WaMu and FCB. The statute, as interpreted since *Davis*, requires a lien claimant to sue within eight months and to serve within 90 more days any party against whom the claimant seeks to enforce its lien. Pearson did not sue and serve WaMu and FCB within this time period. When the statutory lien period passed, the lien expired. *Davis*, 65 Wash. at 397. And, because the lien foreclosure process is a special proceeding under CR 81, the civil rules cannot be used to reach a result inconsistent with the lien foreclosure statute. The trial judge erred in allowing Pearson to join WaMu and FCB after the lien time had expired.

### Attorney Fees

■ WaMu and FCB request attorney fees under RAP 18.1 and RCW 60.04.181. As the prevailing parties, they are entitled to attorney fees in an amount to be set by a commissioner of this court. RCW 60.04.181(3); RAP 18.1(f).

FCB has also requested that this court remand and order the trial court to award attorney fees. FCB is entitled to fees it incurred at the trial court level. *Schumacher Painting Co. v. First Union Mgmt., Inc.*, 69 Wn. App. 693, 702, 850 P.2d 1361 (1993). The trial court has discretion to award attorney fees, and we remand for a determination of the appropriate fees. *Schumacher*, 69 Wn. App. at 702.

We reverse and remand for award of FCB's attorney fees.

HUNT, C.J., and BRIDGEWATER, J., concur.