[No. 65608-2-I.   Division One.   November 7, 2011.]

STONEWOOD DESIGN, INC., *Respondent*, v. HERITAGE
HOMES, INC., ET AL., *Appellants*.

*Lawrence B. Linville* (of *Linville Law Firm PLLC*), for appellants.

*Gregory A. McBroom* and *Kevin B. Hansen* (of *Livengood Fitzgerald & Alskog*); and *Timothy S. McCredie*, for respondent.

¶1 ELLINGTON, J. — When a lien is filed against property, the owner may record a release of lien bond to remove the encumbrance. Here, the lien claimant established the validity of the lien and obtained a judgment thereon. The trial court did not err in directing payment on the bond. We affirm.

## FACTS

¶2 Infinity Homes builds and sells custom homes in Bellevue, Washington.[1] In December 2007, Infinity entered into a contract with Stonewood Design to install tile in a home owned by Infinity's president, Richard Gretsch, and his spouse, Michelle. Stonewood completed the project in

---

[1] Heritage Homes, a Nevada corporation, does business in Washington under the name Infinity Homes.

March 2008 and billed Infinity $30,626 for its services. Infinity withheld approximately $9,000, claiming that some of the master bathroom tiles were chipped and needed to be replaced. Attempts to negotiate the dispute failed, and Stonewood filed a mechanics' lien for the contract balance under chapter 60.04 RCW.

¶3 Stonewood then sued Infinity; the Gretsches; and Contractors Bonding and Insurance Company (CBIC), which had issued Infinity's contractor's registration bond under chapter 18.27 RCW. Stonewood sought foreclosure of its lien and contract damages.

¶4 In accordance with the release of lien bond statute, RCW 60.04.161, the Gretsches obtained release of the lien by posting a bond in favor of CBIC. Infinity contested Stonewood's right to foreclose on the bond and asserted a counterclaim against Stonewood for costs incurred to repair the tile work.

¶5 Both the lien and the bond were admitted into evidence at trial. Stonewood's president, Vladimir Zayshlyy, testified that Infinity wrongfully withheld payment of $8,878.

¶6 The jury awarded damages in that amount to Stonewood and rejected Infinity's claim for an offset.

¶7 In posttrial proceedings, Infinity argued the mechanics' lien was invalid and could not be foreclosed, so the bond was not subject to the claim. The trial court rejected this argument, finding that Stonewood's lien was properly and timely filed and that Stonewood had proved "the facts necessary to execute upon the release of lien bond."[2] The court entered judgment on the verdict in the amount awarded by the jury, plus prejudgment interest. The court awarded fees to Stonewood under RCW 4.84.250 because the jury's award exceeded Stonewood's pretrial settlement offers.

---

[2] Clerk's Papers at 289.

¶8 The judgment provides that Stonewood is "entitled to execute" on the release of lien bond and the contractor's registration bond "because plaintiff prevailed in its breach of contract action" against Infinity.[3] According to the judgment, Infinity and CBIC are jointly and severally liable, but CBIC is liable only up to the amount of the bond.

¶9 Infinity and Gretsch (collectively Infinity) appeal.[4]

## DISCUSSION

¶10 Under RCW 60.04.161, the posting of a release of lien bond releases the property from both the lien and any action brought to recover the claimed amount.[5] To be entitled to payment on the bond, a party must obtain a "judgment upon the lien." Relying on this court's decision in *DBM Consulting Engineers, Inc. v. United States Fidelity & Guaranty Co.*,[6] Infinity argues that the trial court erred in allowing Stonewood to execute on the bond because the court did not enter an "order, judgment or decree of foreclosure" of the lien.[7] Infinity's reliance on *DBM* is misplaced.

---

[3] Clerk's Papers at 281.

[4] CBIC is not a party to the appeal.

[5] The release of lien bond provision, RCW 60.04.161, provides, in pertinent part, "Any owner of real property subject to a recorded claim of lien under this chapter ... who disputes the correctness or validity of the claim of lien may record, either before or after the commencement of an action to enforce the lien ... a bond issued by a surety company authorized to issue surety bonds in the state. ... The condition of the bond shall be to guarantee payment of any judgment upon the lien in favor of the lien claimant entered in any action to recover the amount claimed in a claim of lien, or on the claim asserted in the claim of lien. The effect of recording a bond shall be to release the real property described in the notice of claim of lien from the lien and any action brought to recover the amount claimed. ... If an action is timely commenced, then on payment of any judgment entered in the action or on payment of the full amount of the bond to the holder of the judgment, whichever is less, the surety shall be discharged from liability under the bond."

[6] 142 Wn. App. 35, 41, 170 P.3d 592 (2007).

[7] Appellant's Br. at 6. We address the merits of Infinity's claim on appeal, assuming without deciding that Infinity has preserved its claim of error and has standing to challenge the bondholder's obligation to pay on the bond. Infinity's argument pertains only to the release of lien bond; Infinity has raised no

¶11 In *DBM*, engineers filed a mechanics' lien against property for services rendered thereon. The owner recorded a release of lien bond from Travelers in order to clear title and sell the property. DBM obtained a judgment against the owner for breach of contract but did not pursue its claim for foreclosure of its lien.[8] Instead, DBM filed a second lawsuit against Travelers, seeking payment on the bond. The trial court entered summary judgment against Travelers.

¶12 We reversed. Travelers contended, and we agreed, that under RCW 60.04.161, a release of lien bond guarantees payment only where there is a "judgment upon the lien," not merely a judgment on the underlying claim.[9] DBM obtained a judgment only on the breach of contract claim and never established the validity of its lien, so Travelers' obligation on the bond was never triggered.[10] We rejected DBM's contention that only the underlying claim must be adjudicated because it severed the tie between the lien and the bond.[11] We observed that this link was important because payment on the bond is dependent upon the propriety of the lien, and not all services qualify for mechanics' liens under the statute.[12] Obtaining a judgment on the claim giving rise to the lien does not necessarily establish the validity of the lien.

¶13 *DBM* is of no help to Infinity here because the parties in this case litigated the validity of Stonewood's lien. Stonewood's complaint expressly sought foreclosure of the lien, and the parties presented evidence and legal argument as to validity of the lien. At trial, Infinity argued that Stonewood contracted with Richard and Michelle Gretsch, in

---

argument, on appeal or below, with respect to execution on the contractor's registration bond.

[8] The claim was asserted, but the engineers "never pursued the claim or obtained a ruling on it." *DBM*, 142 Wn. App. at 38.

[9] *Id.* at 39; RCW 60.04.161.

[10] *DBM*, 142 Wn. App. at 41.

[11] *Id.*

[12] *Id.* (citing RCW 60.04.021).

their individual capacities, and not with Infinity. Based on this premise, Infinity argued that Stonewood failed to comply with lien notice requirements under RCW 18.27.114. The jury rejected this claim, however, finding by special verdict that Stonewood contracted with Infinity. After trial, Infinity contended that the release of lien bond was not properly before the court, that Stonewood failed to establish it was a registered contractor qualified to file a lien, and that the lien was not properly acknowledged.[13] Infinity admits that the trial court rejected each of these arguments and ruled that the lien was valid and enforceable. Infinity does not challenge these rulings.

¶14 Rather, Infinity contends that while the court's order provides that Stonewood is entitled to "execute" on the bond, the order cannot obligate the surety because it does not specifically "foreclose" the lien as required by *DBM*.[14] This argument elevates form over substance and misreads *DBM*, which requires that the validity of the mechanics' lien be litigated before execution on the release of lien bond is appropriate. *DBM* does not impose vocabulary requirements for judgments. Stonewood not only obtained a judgment against Infinity on its contract claim, it established the validity and enforceability of its lien. The court did not err in entering judgment in favor of Stonewood and authorizing execution on the release of lien bond.

■ ¶15 Because we reject Infinity's argument on appeal, we also reject its claim of entitlement to costs and fees as the prevailing party under the lien statute, RCW 60.04.181(3).

¶16 Stonewood also requests fees, citing RAP 18.1, RCW 4.84.250, RCW 60.04.181, and RAP 18.9. The trial court awarded fees to Stonewood under the settlement offer

---

[13] *See* RCW 60.04.011(4), .091(2).

[14] Infinity also cites RCW 60.04.181(2) pertaining to the rank of liens when real property subject to liens is sold and proceeds are distributed among lien claimants. It is not apparent how this provision furthers its argument.

statute, RCW 4.84.250.[15] That statute provides that the prevailing party on appeal "shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250."[16] Stonewood is the prevailing party on appeal and is, accordingly, entitled to an award of fees under this statute, subject to its compliance with RAP 18.1.

¶17 Affirmed.

DWYER, C.J., and LEACH, J., concur.

---

[15] Infinity does not challenge the trial court's ruling on this issue.

[16] RCW 4.84.290.