FILED
COURT OF APPEALS
DIVISION II

2014 MAR 25 AM 8: 51

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CALPORTLAND COMPANY, a California corporation, | No. 43760-1-II |
| Appellant, | PUBLISHED OPINION |
| v. | |
| LEVELONE CONCRETE LLC, a Washington limited liability company; DALTON BROOKS and YULIA BROOKS, and their marital community; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; FERGUSON CONSTRUCTION INC., a Washington corporation, | |
| Respondents. | |

BJORGEN, J. — CalPortland Company provided building materials to LevelOne Concrete LLC, a subcontractor working on the construction of a new Costco building, for which Ferguson Construction Inc. served as general contractor. After LevelOne failed to pay for the materials, CalPortland recorded a lien against the Costco property under chapter 60.04 RCW and later filed this lawsuit. Before the lawsuit was filed, however, Ferguson recorded a bond in lieu of claim

under RCW 60.04.161, issued by Travelers Casualty and Surety Co., releasing the Costco property from the lien. The trial court granted summary judgment in favor of Ferguson and Travelers because CalPortland had failed to serve the summons and complaint on Costco and had not specifically requested foreclosure of the lien in its pleadings. In this appeal by CalPortland, we hold that service of process on Costco was no longer necessary after Ferguson had recorded the bond and that CalPortland's complaint sufficiently identified the relief requested. Accordingly, we reverse and remand for further proceedings.

## FACTS

The parties do not dispute the underlying facts in their briefing. Costco contracted with Ferguson to build a new store in Clark County, and Ferguson subcontracted with LevelOne to perform work on the project. LevelOne then contracted with CalPortland for delivery of concrete mix, but never paid for the materials delivered.

CalPortland properly recorded a claim of lien under RCW 60.04.091 against the Costco property on February 2, 2011. In order to release the Costco property from the lien, on April 1, 2011 Ferguson recorded a bond in lieu of claim under RCW 60.04.161, naming itself as principal and Travelers as surety. CalPortland filed its complaint on August 15, 2011.

CalPortland's complaint named various defendants, including Ferguson, Travelers (collectively, "Ferguson"), and LevelOne, but did not name Costco. CalPortland never served Costco with the complaint. The complaint stated five causes of action, one of which was entitled "Release of Lien Bond" and alleged the facts set forth above, as well as certain other facts bearing on the validity of the lien. Clerk's Papers (CP) at 5-10. In its prayer for relief,

2

CalPortland requested "[j]udgment against Ferguson and Travelers for the principal amount of not less than $327,576.31," but did not specifically seek to "foreclose" on the lien. CP at 10.

Ferguson answered the complaint, raising various defenses. On March 12, 2012, Ferguson moved for summary judgment on the grounds that

> CalPortland failed to commence a lien foreclosure action within 8 months of recording its claim of lien, and failed to serve the owner of the affected property within 90 days of filing its Complaint . . . as required by RCW 60.04.141 and 60.04.161.

CP at 25-26. Ferguson and Travelers also requested costs and attorney fees under RCW 64.04.181.

The trial court granted the motion for summary judgment, setting forth the reasons in a memorandum decision. It explicitly based its decision on "reasons provided in the defendants' briefing," and concluded that CalPortland

> failed to satisfy the statutory requirements. First, the plaintiff failed to serve the owner of the subject property within ninety days of initiating an action to enforce a lien. RCW 60.04.141. The plaintiff failed to serve Costco. Secondly to prevail, Calportland must adjudicate the merits of the underlying lien, and must seek to foreclose on it. Suing on the bond itself is insufficient. They must first prove the validity of the underlying lien.

CP at 146. The trial court ultimately entered judgment in favor of Ferguson for costs and attorney fees. CalPortland timely appeals.

## ANALYSIS

CalPortland argues that it complied with the requirements of chapter 60.04 RCW and that the court below therefore erred in granting Ferguson's motion for summary judgment. Specifically, CalPortland asserts that the statute does not require service of process on the owner

3

of the real property improved by a lien claimant's labor or materials once a properly recorded bond in lieu of claim has released the realty from the lien. Ferguson counters that, under the plain language of the statute, the lien expires if the lien claimant does not timely serve the real property owner with the summons and complaint, and thus a claimant who fails to do so cannot seek to collect on the bond. Ferguson further argues that CalPortland did not adequately plead its claim because it did not specifically seek to foreclose on the lien. We agree with CalPortland.

## I. STANDARD OF REVIEW

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56. We review a grant of summary judgment de novo, performing the same inquiry as the trial court. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318 (2009). A party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dir. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). In determining whether summary judgment was proper, we consider all facts, and the reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). A court should grant summary judgment only if reasonable persons could reach but one conclusion from all the evidence. *Vallandigham*, 154 Wn.2d at 26.

The meaning of a statute is a question of law we also review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The "fundamental objective" of statutory interpretation "is to ascertain and carry out the Legislature's intent." *Campbell & Gwinn*, 146 Wn.2d at 9-10. Where a "statute's meaning is plain on its face, then the court must

give effect to that plain meaning as an expression of legislative intent." *Campbell & Gwinn*, 146 Wn.2d at 9-10. Such plain meaning "is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Campbell & Gwinn*, 146 Wn.2d at 11-12. If "the statute remains susceptible to more than one reasonable meaning" after such inquiry, it is ambiguous and we must "resort to aids to construction, including legislative history." *Campbell & Gwinn*, 146 Wn.2d at 12.

## II. THE CONSTRUCTION LIEN

Washington statutes provide that, given proper notice to the owner of the improved property,

> any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner.

RCW 60.04.021. The statute specifies that

> [t]he lot, tract, or parcel of land which is improved is subject to a lien to the extent of the interest of the owner at whose instance, directly or through a common law or construction agent the labor, professional services, equipment, or materials were furnished.

RCW 60.04.051. These liens were formerly known as "mechanics" or "materialmen's liens," but are now simply referred to as "construction liens." 27 MARJORIE ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES – DEBTORS' RELIEF § 4.51, at 347 (1998).

The statute imposes a time limit on such liens, however, within which the party seeking to collect must file suit and serve process in order to preserve its rights:

> [n]o lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim of lien has been recorded unless an action is filed by the lien claimant within that time in the superior court in the county where the subject property is located to enforce the lien, and service is

5

made upon the owner of the subject property within ninety days of the date of filing the action.

RCW 60.04.141. Thus, to preserve a claim against the property, the claimant must file suit within 8 months of recording the lien and then serve the property owner within 90 days of filing suit. *Bob Pearson Constr., Inc. v. First Cmty. Bank*, 111 Wn. App. 174, 179, 43 P.3d 1261 (2002).

The statute also allows the owner or certain other interested parties to release the realty from the lien by recording a "bond in lieu of claim":

> Any owner of real property subject to a recorded claim of lien under this chapter, or contractor, subcontractor, lender, or lien claimant who disputes the correctness or validity of the claim of lien may record, either before or after the commencement of an action to enforce the lien . . . a bond issued by a surety company authorized to issue surety bonds in the state. . . . The condition of the bond shall be to guarantee payment of any judgment upon the lien in favor of the lien claimant entered in any action to recover the amount claimed in a claim of lien, or on the claim asserted in the claim of lien. The effect of recording a bond shall be to release the real property described in the notice of claim of lien from the lien and any action brought to recover the amount claimed. Unless otherwise prohibited by law, if no action is commenced to recover on a lien within the time specified in RCW 60.04.141, the surety shall be discharged from liability under the bond.

RCW 60.04.161. The purpose of this provision "is to allow a party to file a bond to support transferring to the bond a lien against the property to allow the party supplying the bond to free up the property for conveyance." *Olson Eng'g, Inc. v. KeyBank*, 171 Wn. App. 57, 66, 286 P.3d 390 (2012). Thus, filing the bond does not destroy the lien entirely, but instead transfers the lien from the real property to the bond. *DBM Consulting Eng'rs, Inc. v. U.S. Fid. & Guar. Co.*, 142 Wn. App. 35, 42, 170 P.3d 592 (2007) (holding that the "lien bond releases the property from the lien, but the lien is then secured by the bond").

A.    CalPortland's Failure to Serve Process on Costco

The essence of Ferguson's service-of-process argument, on which the trial court relied in part in granting summary judgment, is that CalPortland's failure to serve Costco with the summons and complaint "rendered its action absolutely void." Br. of Resp't at 15-16 (citing RCW 60.04.141); *Diversified Wood Recycling, Inc. v. Johnson*, 161 Wn. App. 859, 251 P.3d 908 (2011); *Pac. Erectors, Inc. v. Gall Landau Young Constr. Co.*, 62 Wn. App. 158, 813 P.2d 1243 (1991). Ferguson maintains that this follows from a plain reading of the statute, regardless of whether Costco had any actual interest in the litigation, pointing out that the statute defines the property subject to the lien as "'[t]he lot, tract, or parcel of land which is improved.'" Br. of Resp't at 18 (quoting RCW 60.04.051). CalPortland contends that it would have been improper to serve Costco because the lien had already transferred to the bond at the time that CalPortland filed suit, and Costco therefore had no further interest in the matter.

Ferguson's argument raises an issue of first impression. Although several cases involving chapter 60.04 RCW have turned on questions related to service of process and the filing of a bond in lieu of claim, in none of these has the party seeking to collect filed suit *after* the bond in lieu of claim had already been recorded. Because the plain language of the statute establishes that Costco's realty was not "property subject to the lien" for purposes of RCW 60.04.141's procedural requirements, we reject Ferguson's argument and hold CalPortland's service of process on Travelers and Ferguson sufficient.

The analysis must begin with the language of the statute. Ferguson correctly argues that the statute's language clearly establishes its meaning and that this court should therefore not

engage in statutory interpretation. Contrary to Ferguson's assertions, however, the statute's plain meaning establishes that CalPortland did not need to serve process on Costco.

As set forth above, a construction lien cannot bind property for more than eight months unless the claimant files suit within that time and "service is made upon the owner of the subject property within ninety days of the date of filing the action." RCW 60.04.141. Under RCW 60.04.021 and .051, also set out above, Costco's realty was the property subject to the lien when it was first recorded. By operation of law, however, Ferguson's act of recording the bond "release[d] the real property described in the notice of claim of lien from the lien and any action brought to recover the amount claimed." RCW 60.04.161. As we have noted, "[a] lien bond releases the property from the lien, [and] the lien is then secured by the bond." *DBM Consulting Eng'rs, Inc.*, 142 Wn. App. at 42. As a result, once a bond in lieu of claim is recorded, the lien is transferred to that bond. *Olson Eng'g*, 171 Wn. App. at 66.

The bond did not name Costco as a principal or surety. Thus, when CalPortland filed suit, Costco did not have an ownership interest in any property "subject" to the lien within the meaning of RCW 60.04.141. In fact, the plain terms of the statute rendered Costco's property immune from "any action brought to recover the amount claimed" by CalPortland. RCW 60.04.161. CalPortland, therefore, had no duty to serve Costco with the summons and complaint. The only parties with an interest in the bond were Ferguson and Travelers: the principal and surety named in the security. Thus, the trial court erred in relying on CalPortland's failure to serve Costco in granting summary judgment to Ferguson.

Ferguson points out that in a recent case involving chapter 60.04 RCW, this court accepted the definition of "owner" as "'the record holder of the legal title,'" and held that RCW

60.04.141 "obligated [the claimant] to serve the foreclosure action upon the record holder of the legal title of the property designated in the claim of lien within 90 days of filing the action, in order to keep the lien alive." *Johnson*, 161 Wn. App. at 875 (quoting 27 ROMBAUER, *supra*, at 347 n.1). Ferguson argues that this authority required CalPortland to serve Costco.

The definition employed by the *Johnson* court comes from a leading treatise, in which Professor Rombauer notes that, based on the legislative history, the term "owner" in RCW 60.04.021 "appears to mean the record holder of the legal title." 161 Wn. App. at 875; 27 ROMBAUER, *supra*, at 347 n.1. The question addressed at that point by Professor Rombauer involved at whose instance the materials or services must be provided in order to give rise to a valid construction lien. 27 ROMBAUER, *supra*, at 347 n.1. Here, no one disputes that CalPortland's provision of materials initially gave rise to a valid construction lien.

More importantly, the *Johnson* court did not face the issue presented here, because the property owner in that case never posted a bond in lieu of claim at all, let alone prior to the filing of the suit.[1] 161 Wn. App. at 862-66. In the present appeal, the property designated in the claim of lien had already been released by operation of law from "the lien and any action brought to recover the amount claimed" under RCW 60.04.161. After this release, "[t]he lien [was] then

---

[1] If anything, the result reached in *Johnson* tends to support CalPortland's argument, not Ferguson's. The *Johnson* court held the claimant's service of process on one Harold Johnson sufficient, despite the fact that Johnson did not own the property against which the lien was claimed, because Johnson had held himself out as the owner and shared an address with the actual owner of record, a different person also named Harold Johnson. 161 Wn. App. at 862-66, 884. Thus, the court refused to allow a technical defect in service of process to defeat a plainly valid claim.

secured by the bond rather than the [real] property." *DBM Consulting Eng'rs*, 142 Wn. App. at 40. RCW 60.04.141 requires service on "the owner of the subject property." After the releases triggered by the recording of the bond, Costco could not be deemed the owner of the subject property under RCW 60.04.141. The holding in *Johnson* is not to the contrary.

Ferguson also points out that, under certain circumstances, a property owner could be liable for more than the amount of the release-of-lien bond, and argues that this supports interpreting the statute to require service on the real property owner even where such a bond has been posted. Br. of Resp't at 16-18 (citing RCW 60.04.181; *Olson Eng'g*, 171 Wn. App. at 64; *Irwin Concrete, Inc. v. Sun Coast Prop., Inc.*, 33 Wn. App. 190, 653 P.2d 1331 (1982)). These authorities, though, do not bear on the question presented.

The first authority cited, RCW 60.04.181, lays out the procedure a court must follow when distributing funds after a construction lien is foreclosed and the encumbered property has been sold. It provides that where "a lien is established, the judgment shall provide for the enforcement thereof upon the property liable," and allows for a personal judgment in the amount of the deficiency between the foreclosure sale proceeds and the underlying debt, which "may be collected by execution against any party liable therefor." RCW 60.04.181(2). The statute says nothing about the identity of "the property liable," and thus has no bearing on whom a claimant must serve in order to preserve its lien under RCW 60.04.141.

In *Olson Engineering*, another authority cited by Ferguson, KeyBank had recorded a bond in lieu of claim after it purchased real property subject to a construction lien, and the trial court entered a deficiency judgment against the bank when the bond amount proved inadequate to cover the claimant's attorney fee award. 171 Wn. App at 62-64. In the other authority cited

by Ferguson, *Irwin Concrete*, a trustee's sale following foreclosure on a deed of trust had extinguished a subcontractor's subsequent construction lien against a parcel. We nonetheless held the successful bidder liable to the subcontractor on a theory of unjust enrichment. *Irwin Concrete*, 33 Wn. App. at 194-95, 198. In neither of these cases, however, did the court base the real property owner's liability on the ground that the realty was subject to the construction lien. KeyBank was liable regardless because it had named itself as principal when it recorded the bond in lieu of claim, and the trial court in *Irwin Concrete* relied on unjust enrichment precisely because it had dismissed the lien at issue.

That the owner of the real property improved could under certain circumstances have personal liability on a claim giving rise to a construction lien, notwithstanding the recording of a bond in lieu of claim, does not illuminate what the "subject property" is for purposes of RCW 60.04.141's service-of-process requirement. CalPortland's failure to serve Costco with the summons and complaint or name it as a defendant might preclude any judgment against Costco, although we make no ruling on that point, but it does not bear on the validity of CalPortland's lien with respect to the bond recorded by Ferguson.

Because a bond in lieu of claim had already been recorded, the plain meaning of the statutory language did not require CalPortland to serve Costco. We hold that the trial court erred in granting summary judgment on the basis of CalPortland's failure to serve process on Costco.

B.    Sufficiency of CalPortland's Pleadings

The trial court's alternative basis for granting summary judgment to Ferguson is that CalPortland did not seek to foreclose on the lien. CalPortland disputes this ruling, arguing that its complaint properly alleges the existence and validity of the lien. Ferguson argues that the

11

complaint does not properly allege these matters, because CalPortland did not specifically plead foreclosure of the lien. CalPortland's position is correct.

As an initial matter, Ferguson argues that CalPortland has waived any challenge to the trial court's alternative basis for granting summary judgment because it did not properly raise the issue in its briefing. RAP 10.3(g) provides that an "appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto." We generally "do not address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority." *Saviano v. Westport Amusements, Inc.*, 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (citing RAP 10.3(a)(6)). Where a party's brief makes perfectly clear what part of the decision below is being challenged, however, we will overlook the party's failure to specifically assign error to it, particularly when the text of the brief includes the disputed portion. *In re Disciplinary Proceeding Against Conteh*, 175 Wn.2d 134, 144, 284 P.3d 724 (2012) (citing *State v. Neeley*, 113 Wn. App. 100, 105, 52 P.3d 539 (2002)).

CalPortland's first assignment of error states that "[t]he trial court erred in granting [Ferguson's] motion for summary judgment . . . because CalPortland complied with [chapter 60.04 RCW] by bringing its claim against the bond after the real property was released." Br. of Appellant at 1. The brief specifically identifies and quotes in full the trial court's alternative basis for its decision, presenting substantial argument as to why that ground did not justify granting Ferguson's motion for summary judgment. Even were we to agree with Ferguson that CalPortland's assignment of error did not specifically challenge the trial court's alternative basis for granting summary judgment, the briefing identifies and reproduces that portion of the trial court's decision and makes the nature of the challenge perfectly clear. RAP 1.2(9) mandates that

12

"[t]hese rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits." Following that mandate, we address the merits of the issue.

CalPortland agrees with the trial court that it must establish the validity of its lien before it may recover on the bond, but argues that its complaint properly raised the issue. Ferguson contends that the statute required CalPortland to specifically seek "foreclosure" of its lien within eight months of recording it, and that failure to strictly comply with the procedural requirement was fatal to the claim because suits to collect on construction liens are "special proceeding[s]." Br. of Resp't at 8-13. Thus, Ferguson argues, the construction lien would necessarily have expired because, in a special proceeding, amendments to the pleadings do not relate back to the time of filing.

CalPortland counters that the words "foreclose" or "foreclosure" are not required under the statute, and would be inappropriate where the lien is not secured by real property. Reply Br. of Appellant at 3-6. Because CalPortland's complaint alleged all the facts needed to establish the validity of its lien, and the request for relief satisfied the requirements of the construction lien statute and the rules of civil procedure, we hold that the trial court erred in granting summary judgment to Ferguson on the basis of the alleged inadequacy of CalPortland's pleadings.

The law is clear that CalPortland must establish the validity of its lien before it may collect on the bond. *Olson Eng'g*, 171 Wn. App. at 57, 66 (interpreting RCW 60.04.161 such that "to be entitled to the proceeds of the lien release bond, the lien claimant must obtain a favorable judgment upon the lien"). In *DBM Consulting*, for example, the construction lien claimant prevailed at trial on its breach of contract claim, but did not litigate or obtain judgment on the validity of its lien. 142 Wn. App. at 41. The *DBM* court held that the claimant could not

13

proceed against the surety named in the bond in lieu of claim because it had not obtained a judgment foreclosing its lien. 142 Wn. App. at 42. The parties do not dispute this point. The only question is whether CalPortland's complaint adequately raised the validity of the lien and CalPortland's entitlement to the bond proceeds.

The requirements for a valid construction lien are set forth at RCW 60.04.051, and the procedure for recording such a lien appears at RCW 60.04.091. In the fifth cause of action stated in its complaint, CalPortland alleges all the facts necessary both to give rise to a valid construction lien and to establish compliance with the recording requirements. The complaint then discusses the bond in lieu of claim, stating that "Defendants Ferguson and Travelers are bound to pay CalPortland any sum as CalPortland may recover as a result of its claim of lien, together with costs of suit." CP at 9. This is a straightforward attempt to litigate the validity of the lien.

RCW 60.04.171 provides that "[t]he lien provided by this chapter, for which claims of lien have been recorded, may be foreclosed and enforced by a civil action in the court having jurisdiction in the manner prescribed for the judicial foreclosure of a mortgage." The procedure for judicial foreclosure of a lien or mortgage is set forth at chapter 61.12 RCW. Nowhere in that chapter does the statute specify that a party seeking to foreclose must identify the action as a foreclosure.

According to the leading practitioner's treatise on Washington debtor-creditor law, "foreclosure is a form of lawsuit, subject to the civil rules of procedure." 27 ROMBAUER, *supra*,

14

§ 3.5 at 141.[2] With respect to pleadings, the civil rules require only "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." CR 8(a). The purpose of this "notice pleading" rule is to "facilitate a proper decision on the merits." *Stansfield v. Douglas County*, 146 Wn.2d 116, 123, 43 P.3d 498 (2002) (internal quotation marks omitted). A chief purpose of the rules of civil procedure is "to eliminate procedural traps." *Gott v. Woody*, 11 Wn. App. 504, 508, 524 P.2d 452 (1974). To the extent possible, then, "the rules of civil procedure should be applied in such a way that substance will prevail over form." *First Fed. Sav. & Loan Ass'n of Walla Walla v. Ekanger*, 93 Wn.2d 777, 781-82, 613 P.2d 129 (1980).

Under the heading "Relief requested," the treatise on debtor-creditor law discussed above further specifies that, in a judicial foreclosure proceeding,

> [t]he prayer of the complaint must specify the relief sought. A money judgment is prayed for from those defendants alleged to have a monetary liability to the plaintiff; a decree of foreclosure is sought against every entity with either a title interest, a junior encumbrance, or a possessory interest; and the right to recover a deficiency is requested or waived and the appropriate redemption period stated.

27 ROMBAUER, *supra* § 3.5 at 143. Thus, it appears that, where the plaintiff asserts only the monetary liability of a defendant who does not have a title or possessory interest, a request for a money judgment would suffice.

Item nine of the relief requested in CalPortland's complaint is a "[j]udgment against Ferguson and Travelers for the principal amount of not less than $327,576.31." CP at 10. The

---

[2] Ferguson argues that these are special proceedings under CR 81. Assuming this to be the case, that rule does not affect our analysis. CR 81(a) states that the civil rules shall govern all civil proceedings, "[e]xcept where inconsistent with rules or statutes applicable to special proceedings." Nothing in relevant statutes or other rules requires explicit mention of "foreclose" or "foreclosure" in proceedings such as this. Therefore, the statutes and civil rules we discuss here resolve this issue.

complaint also requests costs and fees under RCW 60.04.181. With this, the complaint contained a concise statement of the nature of the claim and the facts entitling CalPortland to relief, and demanded the remedy to which CalPortland thought itself entitled: a money judgment. The attorney fee request cited to the relevant statute. The complaint gave Ferguson sufficient notice of the nature of the claim and the matters likely to be at issue.

Requiring dismissal of the claim simply because CalPortland failed to use the word "foreclosure" elevates form over substance. Division One of this court recently rejected a similar argument:

> Infinity contends that while the court's order provides that Stonewood is entitled to "execute" on the bond, the order cannot obligate the surety because it does not specifically "foreclose" the lien as required by [*DBM Consulting Engineers, Inc. v. U.S. Fidelity & Guaranty Co.*, 142 Wn. App. 35, 170 P.3d 592 (2007)]. This argument elevates form over substance and misreads *DBM*, which requires that the validity of the mechanics' lien be litigated before execution on the release of lien bond is appropriate. *DBM* does not impose vocabulary requirements for judgments.

*Stonewood Design, Inc. v. Heritage Homes, Inc.*, 165 Wn. App. 720, 725, 269 P.3d 297 (2011). Nor do we read *DBM* to impose such vocabulary requirements on a party's pleadings.

CalPortland's complaint specified the appropriate relief and the basis for that relief with sufficient clarity to allow Ferguson to prepare a defense. We reverse the grant of summary judgment and remand for adjudication of the validity of CalPortland's lien.

## ATTORNEY FEES

CalPortland also assigns error to the trial court's award of costs and fees to Ferguson. Because we reverse the trial court's grant of summary judgment to Ferguson, we also reverse the trial court's fee award.

No. 43760-1-II

Both CalPortland and Ferguson request costs and fees on appeal. RCW 60.04.181(3) allows for fee awards to the party prevailing before this court in actions involving construction liens. Because we remand for further proceedings, however, the prevailing party remains to be determined, and thus no fee award is warranted. If CalPortland prevails on remand, it will be entitled to the reasonable costs and fees it incurred in this appeal. *See Stieneke v. Russi*, 145 Wn. App. 544, 572, 190 P.3d 60 (2008).

We reverse and remand for further proceedings.

BJORGEN, J.

We concur:

JOHANSON, A.C.J.

MAXA, J.

17