Pennell, J.
¶1 Washington law allows for the recording of a bond to free up property encumbered by a construction lien. When this happens, the bond is substituted for the property and a hen claimant can take legal action against the bond. The question we confront here is who must be sued when a claim is filed against a lien release bond. The *512 procedural statute governing lien release bonds unambiguously identifies only the bond surety as an interested party. This is consistent with general suretyship principles, which allow a claimant to seek relief directly against a surety. Because the trial court erroneously ruled that a claim against a hen release bond could not be made solely against a surety, the judgment in this matter is reversed.
FACTS[1]
¶2 Inland Empire Dry Wall Supply Company entered into a credit and sales agreement with Eastern Washington Dry wall & Paint (EWD&P) for a construction project. EWD&P had been subcontracted by Fowler General Construction, the project’s general contractor, to provide labor and materials for the project. Over the course of the construction project, Inland purportedly supplied $124,653.05 in drywall materials to EWD&P.
¶3 Fowler provided EWD&P with funds to pay Inland, but EWD&P never paid Inland and eventually ceased working on the project. Inland ultimately initiated a lien against the project for money owed. It filed a preclaim lien notice against the owner of the project, Western States Development Corporation, as required by RCW 60.04.031. Inland then timely recorded the lien as required by RCW 60.04.091.
¶4 In order to release the project from Inland’s lien, Fowler obtained a release of lien bond in the amount of $186,979.57 from Western Surety Company (Western). The bond identifies Fowler as the “Principal,” Western as the “Surety,” and Inland as the “Obligee.” Clerk’s Papers at 84-85.
¶5 After the hen release bond was recorded, Inland filed an action against Western in Spokane County Superior Court to recover on its lien. Fowler was not named a party *513 to the suit. Western answered Inland’s complaint and raised several affirmative defenses, including that by failing to name and include Fowler as a necessary and indispensable party, Inland had not satisfied the statute of limitations requirements in chapter 60.04 RCW. Both parties filed motions for summary judgment.
¶6 Relying on our decision in CalPortland Co. v. LevelOne Concrete, LLC, 180 Wn. App. 379, 321 P.3d 1261 (2014), the trial court granted summary judgment in favor of Western. The trial court reasoned that under Cal-Portland, when legal action is taken to foreclose on a lien release bond, the statute of limitations under RCW 60.04.141 for service of the lawsuit on a property owner is replaced by an analogous statute of limitations requiring service on a bond’s principal and surety. The court ruled that because Inland named only Western as a party and served it as the bond’s surety, the statute of limitations was not met and Western was discharged from liability and entitled to judgment in its favor. Inland filed a motion for reconsideration, but the motion was denied. Inland appeals.
BACKGROUND
¶7 This case concerns chapter 60.04 RCW, also known as the “mechanics’ lien” or “construction lien” statute. See id. at 385-86. This statute sets forth a lien procedure to protect the financial interests of persons contributing labor, materials, or equipment to a construction project. If construction costs are not paid, the statute allows a lien to be placed against the construction project property as a method for financial recovery. Given the burdens on property imposed by construction hens, the statute sets forth strict time limits. One asserting a claim of lien must bring an action to foreclose the lien within 8 months of recording the claim. RCW 60.04.141. The property owner must be served with notice of the suit within 90 days. Id. A hen claimant who fails to comply with these time constraints loses all rights to *514 recover on the lien. See Bob Pearson Constr., Inc. v. First Cmty. Bank of Wash., 111 Wn. App. 174, 178, 43 P.3d 1261 (2002).
¶8 Apart from protecting the rights of property owners by requiring strict time compliance, the statute also sets forth a bond procedure that can be used to free up construction project property from a lien prior to resolution of claims. RCW 60.04.161. Under the hen release bond statute, a variety of persons disputing the validity of a lien can obtain and record a bond, including a property owner, a contractor, or a lender. Id. While the statute allows for flexibility with respect to who can initiate a bond, it has strict requirements for bond sureties. A surety must be authorized to issue bonds in the state and must comply with federal bonding requirements. The statute also states a bond “surety shall be discharged from liability under the bond” if “no action is commenced to recover on a hen within the time specified in RCW 60.04.141.” Id. In other words, strict time frames for filing suit apply in the lien release bond context, not just the regular hen context.
¶9 The procedure for obtaining relief against a lien release bond under RCW 60.04.161 has been the source of considerable confusion. Relevant here, questions have arisen with respect to who the necessary parties are when a bond has been obtained to release property from a lien. Without a bond, the statute is fairly straightforward. The owner of the real property must be made a party to the suit, along with any person who, prior to commencement of the action, has a recorded interest in the property which the lien claimant seeks to have affected. RCW 60.04.141, .171. But who must be served when a bond releases a piece of property? This is the source of the parties’ dispute.
¶10 We attempted to resolve this confusion in Cal-Portland. In that case, like this one, a general contractor recorded a lien release bond prior to the filing of suit. Unlike this case, the hen claimant served both the general contractor as hen principal and the surety company. How *515 ever, the owner of the underlying real property was not sued. Initially, the trial court dismissed the hen claim, holding the real property owner was a necessary party. We reversed. As we explained, because a bond operates to release real property from being encumbered by a lien, once the bond is recorded, the real property owner is no longer an interested party. Instead, the bond replaces the property and suit is sufficient so long as it is against the bond. CalPortland, 180 Wn. App. at 387-88. Given this context, the property owner need not be included as a party for a claimant’s case to go forward.
¶11 In CalPortland, we stated a real property owner is not a necessary party to a suit against a lien release bond; instead, inclusion of the bond principal and surety is “sufficient.” Id. at 388. This statement forms the basis of Western’s current position. According to Western, the foregoing statement means Inland was required to sue both Western (as the surety) and Fowler (as the bond principal) in order to proceed on its lien. We disagree. All we said in CalPortland was that a suit against both a bond principal and bond surety is sufficient for compliance with the lien release bond statute. The ruling did not address whether suit against both is necessary.
ANALYSIS
¶12 Resolution of this case turns on statutory construction, which we review de novo. Dep’t of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our “fundamental objective” in this analysis “is to ascertain and carry out the Legislature’s intent.” Id. Where a statute’s meaning is plain on its face, construction aids such as legislative history are unnecessary to determine the legislature’s intent. While the current statute is not a model of clarity, its terms are sufficiently plain to resolve the parties’ dispute without resorting to aids of construction. Cal-Portland, 180 Wn. App. at 388.
*516 ¶13 As previously noted, we are asked to resolve the statutory question of who is a necessary party when a bond has been recorded to replace a construction lien. For initial guidance, we look to RCW 60.04.141, which sets procedures to be followed when a bond has not been filed. In this context, service of a lawsuit to enforce a hen must be made on “the owner of the subject property” within a tight statutory timeframe. RCW 60.04.141 (suit must be filed within 8 months and served within 90 days). By designating the “owner of the subject property” as the entity that must be served, the construction hen statute clearly contemplates that the “owner of the subject property” is a necessary party to a hen foreclosure claim. See Bob Pearson, 111 Wn. App. at 178.
¶14 Once a hen release bond is recorded, the procedural statute shifts from RCW 60.04.141 to RCW 60.04.161. This change alters the governing legal landscape. With a bond, real property is no longer encumbered. CalPortland, 180 Wn. App. at 386-87; DBM Consulting Eng’rs, Inc. v. U.S. Fid. & Guar. Co., 142 Wn. App. 35, 40, 170 P.3d 592 (2007). The hen release bond operates as a substitute for the property. 142 Wn. App. at 41. As a result, the parties interested in a foreclosure action are different. Unlike RCW 60.04.141, RCW 60.04.161 makes no mention of the “owner of the subject property” as an entity necessarily impacted by a suit.[2] Instead, the statute states it is the “surety” that must be included in a suit in a timely manner. RCW 60.04.161 (“if no action is commenced [within the time frame set by RCW 60.04.141], the surety shall be discharged from liability” (emphasis added)). This substitution of the “surety” in RCW 60.04.161 for the “owner of the subject property,” as used in RCW 60.04.141, indicates the legislature’s plain intent that when a hen release bond is filed, the surety shall be substituted for the property owner as the *517 entity that must be sued to recover on a lien. The omission of any reference to the bond principal is significant and indicates the legislature’s intent that a bond principal need not be included.
¶15 Confusion over who must be sued in this case appears to he in the belief that regardless of the existence of a hen release bond, suit must be filed against a property owner. Because a bond principal might be considered the lien release bond’s owner, Western claims Inland was required to include Fowler in its suit. We disagree. When it comes to a bond, the term “owner” is no longer technically applicable. Under the law of suretyship, once a bond has been obtained, the applicable terms are the obligee (or claimant or creditor), the principal obligor, and the secondary obligor (or surety). See Restatement of Security § 82 (Am. Law Inst. 1941); Restatement (Third) of Suretyship and Guaranty, at IX-XI (Am. Law Inst. 1996). The parties’ relationship to the bond is created by contract. There is no “owner” in this context.
¶16 The legislature appears to have understood this terminology. Nowhere in the bond in lieu of claim statute (RCW 60.04.161) is there any indication a bond hen claimant must sue an “owner.” Nor does this statute incorporate the requirement of RCW 60.04.141 that service of suit be effected on an “owner.” The hen release statute incorporates the provisions of RCW 60.04.141 only as to the timing of an action. It does not incorporate the requirements of RCW 60.04.141 regarding who must be sued.[3]
¶17 Contrary to the position taken by our dissenting colleague, neither RCW 60.04.141 nor RCW 60.04.171 is directly applicable in the bond context. Both RCW 60.04-.141 and .171 discuss the procedures for foreclosing on a “lien” and the disposition of related “property.” But once a bond is filed, property is no longer encumbered. DBM *518 Consulting, 142 Wn. App. at 42 (“A lien bond releases the property from the lien, but the hen is then secured by the bond.”)- Only the bond is at risk. Although the subject matter of the proceeding is still the validity of the originally recorded claim of lien, id. at 40, this continuity of subject matter does not control who must be made party to the suit.[4] See CalPortland, 180 Wn. App. at 391.
¶18 Just as it makes little sense, in the context of a bond, to require suit against an “owner,” it also makes little sense to incorporate the “property” concepts discussed in RCW 60.04.141 and .171. The whole point of a bond is to release property from being tied up in litigation. Once a bond is filed, the statute operates to substitute the bond for the property. In like manner, application of the bond statute operates to substitute the bond surety for the property owner as the individual that must be sued in a timely manner.
¶19 Contrary to Western’s protests, there is no practical or logical impediment to pursuing a bond claim against only the surety. General suretyship principles apply. Under those principles, a bond hen claimant such as Inland “has two sets of rights, one set against the principal obligor and the other against the secondary obligor” also known as the surety. Restatement (Third) of Suretyship and Guaranty § 50 cmt. a. The failure of the claimant to take action against the principal “does not discharge the [surety]” unless provided by statute or other authority. Id. § 50(1). This rule works no injustice to the surety because to the extent the surety requires the principal’s assistance, the surety “may seek enforcement of the principal obligor’s duty of performance.” Id. at cmt. a. Accordingly, “even if the [claimant] has not sought enforcement of the underlying obligation, the [claimant’s] inaction generally affords no equitable basis for a *519 claim of discharge by the [surety].” Id.; see also Hutnick v. U.S. Fid. & Guar. Co., 47 Cal. 3d 456, 468-69, 763 P.2d 1326, 253 Cal. Rptr. 236 (1988) (service on surety sufficient to allow claim against mechanic’s lien bond); Warren v. Wash. Tr. Bank, 92 Wn.2d 381, 390 n.1, 598 P.2d 701 (1979) (“it is the general rule that, even though the creditor has a security interest in property of the principal, he may proceed first against the surety before resorting to the security interest”).
¶20 The general suretyship principle that a claimant may seek relief only against a surety is fully consistent with Washington law. This is true under the lien release bond statute, which only contemplates suit against the surety. RCW 60.04.161. It is also true under generally applicable surety law, chapter 19.72 RCW. In fact, RCW 19.72.090 recognizes suits will sometimes be laid directly against sureties. The only caveat is that in such circumstances, the principal must sometimes be allowed to intervene as a defendant.
¶21 By the plain terms of RCW 60.04.161, Inland was only required to name Western, as the bond surety, as a defendant to its bond foreclosure action. While Inland could have also named Fowler, as the bond principal, it was not required to do so. Inclusion of Fowler may have streamlined the case and would have obviated the need for this appeal, but it was not a statutory prerequisite. Because Inland satisfied the statute of limitations for inclusion of a necessary party under RCW 60.04.161, the trial court’s judgment in favor of Western is reversed.
ATTORNEY FEES
 ¶22 Both parties request an award of attorney fees and costs pursuant to RCW 60.04.181(3). Because this matter is remanded for further proceedings, an award at this juncture is premature. On remand, the trial court may award to Inland reasonable attorney fees and expenses *520 incurred in the trial and appellate courts if the trial court determines Inland to be the prevailing party. RAP 18.1(i). We decline to make an award of costs pursuant to Title 14 RAP.
CONCLUSION
¶23 Based on the foregoing, we reverse and remand for proceedings not inconsistent with this opinion.
Siddoway, J., concurs.

 While the facts material to this decision are largely not in dispute, they are construed in the light most favorable to the appellant.

 The only reference in RCW 60.04.161 to the owner of the property subject to a hen is in the context of identifying the owner as one of several entities that may dispute a lien and record a bond.

 If the legislature had intended RCW 60.04.141 to apply to the lien release bond context, it would not have specifically limited the applicability of RCW 60.04.141 to issues of timing.

 Given this subject matter, it is not surprising that RCW 60.04.161 refers to an action against a bond as one involving an effort to recover on a lien. We therefore disagree with the reliance placed on this portion of the statute by our dissenting colleague.